# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYSHON THOMAS, | Case No. 1:16-cv-00117- DAD-EPG-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION FOR WRIT OF MANDAMUS |
| v. | |
| J. SOLDA, et al., | |
| Respondents. | |

Petitioner Rayshon Thomas is a Madera County jail inmate proceeding *pro se* with a petition for writ of mandamus pursuant to 28 U.S.C. § 1651. On January 11, 2016, Petitioner filed the instant petition in the Sacramento Division of the United States District Court for the Eastern District of California. (ECF No. 1). On January 25, 2016, the Sacramento Division transferred the action to this Court. (ECF No. 4).

In the instant petition, Petitioner appears to challenge a California Supreme Court order that was issued on December 16, 2015, transferring his state petition for writ of mandamus to the California Court of Appeal with the direction that if the petition was identical to a prior petition, the repetitious petition must be denied. Petitioner alleges said order was issued without a hearing and without any substantial evidence showing the petition to be repetitious. Petitioner also appears to allege various due process errors in proceedings in the Madera County Superior Court, including the denial of his Marsden motion. Petitioner has named as Respondents a

1

Madera County Superior Court judge, the Madera County Public Defender, the California Supreme Court, and the California Court of Appeal, Fifth Appellate District. On February 11, 2016, Petitioner filed a supplement to the petition regarding an encounter with the public defender that occurred on January 27, 2016. (ECF No. 10).

Petitioner's pleading is a petition for writ of mandamus. It is labeled as such and asks for relief in the form of compelling certain state public officials to perform certain duties. Thus, it is governed by the federal mandamus statute, which provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel *an officer or employee of the United States or any agency thereof* to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). "The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties . . . ." Clark v. Washington, 366 F.2d 678, 681 (9th Cir. 1966). See also Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988) ("The federal courts have no general power to compel action by state officials . . . ."). The extraordinary remedy of mandamus is not available in the instant case because the named Respondents are not officers, employees, or agencies of the United States, and the Court lacks jurisdiction to compel action by California state officials.

## RECOMMENDATION

Accordingly, the Court hereby RECOMMENDS that the petition for writ of mandamus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified

///

time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**February 19, 2016**__              /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE